# CIRCUIT COURT OF BALTIMORE CITY.

Filed November 15, 1894.

CATHERINE LANCASTER

VS.

ANNIE S. TURNBULL ET. AL.

*Steele, Semmes & Carey* for plaintiff.

*John Poe, R. F. Kimball, Allan McSherry, R. M. McSherry* and *M. A. Mullin* for defendants.

DENNIS, J.—

The exceptions which have been filed to the several accounts, stated at the instance of the plaintiff, are sustained, and the case is referred back to the auditor to state two new accounts—one between the executors of the late trustee and the trust estate, and the other between the said executors and the life-tenant, upon the following principles:

I. In the account between the executors and the trust estate, the executors will be charged with the total amount of the proceeds of the sale of bonds received by the late trustee, and will be credited with the amount expended by him for betterments in 1874, over and above the amount received on the policy of insurance. (It is conceded that the amount received from the insurance policy was correctly expended—so that is out of the case.)

I make this credit, upon the principle announced in Small vs. Slingluff, 62 Md. 592; as the testimony shows that the betterment was made in good faith and solely with a view to improving the permanent value of the property.

In this account I allow no credit for any repairs, as the general rule is that ordinary current repairs, together with ground rent, taxes, &c., are to be paid out of income. These may be repairs of such an extensive and fundamental character as to make a portion at least, of them a proper charge against the corpus of the estate, and it is urged that the nine hundred dollars so expended in 1887 were of that character. But it is incumbent upon the trustees claiming such a credit to make out by clear and satisfactory testimony that these repairs were of this character, and I do not think the testimony in the case sufficient for the purpose.

The trust estate is entitled to no credit for the $500 received for Mrs. Lancaster from Commodore Kiltz, or the $500 commissions allowed the trustee by the Orphans' Court, and by him turned over to Mrs. Lancaster's account. Each of these sums was a pure donation to her, and are to be accounted for as between her and the trustee, but they constituted no portion of the trust estate.

II. In stating the account between the life-tenant and the executors of the late trustee, the latter will be charged:

1st. With the amount received by the late trustees from Commodore Kiltz.

2nd. With the amount credited by the trustee to Mrs. Lancaster from the commissions allowed him by the Orphans' Court.

3rd. With the amount received by the trustee from the sales of furniture.

4th. With interest upon said several sums, and with interest upon the proceeds of the bonds sold by the trustee —said interest to be calculated in the usual commercial manner—that is to say, balances to be struck at the time of each payment of any sum to the life tenant or on her account, and interest calculated upon said balance.

The executors of the late trustee will be credited:

1st. With the usual commissions allowed to trustees, viz.: five per cent. upon the gross receipts of income.

2nd. With all payments made to Mrs. Lancaster by the trustee.

3rd. With all payments made by him on her personal account, as well as for all payments of ground rent, water rent, taxes and repairs of every kind, on account of the Mulberry street property.

4th. With interest on all over-payments made by the trustee.

Should this account show a balance in favor of the executors, the income from the estate will be directed to be applied by the new trustee, to be hereafter appointed, to the liquidation of this balance during the lifetime of Mrs. Lancaster.